***E-FILED 3/31/06***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIMING WANG, | Case Number C 06-02240 RS |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| THE UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, et al., | |
| Defendants. | |

On March 29, 2006, plaintiff Liming Wang filed a "petition for final hearing on naturalization application of Liming Wang and/or for administration of the oath of allegiance" against defendants the United States Citizenship and Immigration Services ("CIS"); Francis D. Siciliano, the Director of the San Jose office of CIS; Dr. Emilio Gonzalez, the Director of CIS; Michael Chertoff, Secretary of the Department of Homeland Security; and Alberto Gonzales, Attorney General of the United States.  Plaintiff alleges the following: She is a lawful permanent resident of the United States, and she applied for naturalization in or about October, 2004.  In or about October 2005, Plaintiff underwent a naturalization interview and was informed that she passed the English and Dunited States History and Government tests, but that a

Case No. C 06-02240 RS
ORDER TO SHOW CAUSE

1  decision could not be made at that time "because of 'background check/IP.'"

2  In or about March of 2005, Plaintiff withdrew her application in reliance on advice from
3  a "UCSIS Information Office Supervisor" that the process would be completed faster if plaintiff
4  filed a new application. On or about April 8, 2005, plaintiff did so. On or about September 26,
5  2005, plaintiff was examined concerning her application and received written notice that she had
6  again passed the English and U.S. history and government test, but that her application could not
7  be approved "because of 'FBI name check pending.'"

8  To date plaintiff has not received a decision and has not been scheduled for
9  administration of the oath of allegiance "despite numerous follow-ups."

10  Plaintiff alleges that Defendants have violated 8 U.S.C. § 1447(b), which provides:

11  If there is a failure to make a determination under section 1446 of this title before
    the end of the 120-day period after the date on which the examination is
12  conducted under such section, the applicant may apply to the United States
    district court for the district in which the applicant resides for a hearing on the
13  matter. Such court has jurisdiction over the matter and may either determine the
    matter or remand the matter, with appropriate instructions, to the Service to
14  determine the matter.

15  Plaintiff further alleges that defendants have failed to comply with 8 C.F.R. §335.3 (a) which
16  requires that a decision be made and an applicant notified "at the time of the initial examination
17  of the application or within 120 days" thereafter. Plaintiff requests that this Court adjudicate the
18  naturalization application or issue an order directing Defendants to adjudicate her application
19  within 30 days, and to schedule her for administration of the oath of allegiance if the application
20  is granted..

21  Good cause therefore appearing, IT IS HEREBY ORDERED as follows:

22  (1) The Clerk of the Court shall serve by certified mail a copy of the petition and a
23  copy of this Order upon counsel for Defendants, the Office of the United States Attorney. The
24  Clerk of the Court also shall serve a copy of this Order upon Plaintiff Liming Wang.

25  (2) Defendants shall, within thirty (30) days after receiving this order, file and serve
26  upon Plaintiff an answer, showing cause why a writ of mandamus should not issue. At the time
27  the answer is filed, Defendants shall lodge with the Court all records relevant to a determination

28

2

Case No. C 06-02240 RS
ORDER TO SHOW CAUSE

1  of the issues presented by the complaint.  If Defendants contend that Plaintiff has failed to
2  exhaust administrative remedies as to any ground for relief asserted in the complaint, Defendants
3  shall specify what administrative remedy remains available to Plaintiff.  If Defendants waive or
4  concede the issue of exhaustion, Defendants shall so state in their answer.

5       (3)    Plaintiff may file a response to the matters raised in the answer within thirty (30)
6  days after receiving the answer.

7       (4)    Unless otherwise ordered by the Court, the matter will be deemed submitted upon
8  the filing of the response or upon the expiration of time to file a response.

9       (5)    No later than the time their respective responses hereunder are due, the parties
10 shall make their determination regarding the issue of consent to the jurisdiction of the Magistrate
11 Judge and file the appropriate form.  In the event any party declines to consent to the jurisdiction
12 of the Magistrate Judge, this action will be reassigned to a District Judge for further proceedings.

13 IT IS SO ORDERED.

15 Dated: March 31, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

3

Case No. C 06-02240 RS
ORDER TO SHOW CAUSE

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Colin T. Greene, Esq.
Email: cgreene@hanlon-greene.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 3/31/06**                                   **Chambers of Judge Richard Seeborg**

                                                     **By:**      /s/ BAK